Good morning, may it please the court. My name is Eitan Kasteljanich. I'm representing Birgit Putz in this matter. I didn't think I'd be coming back before the Ninth Circuit on this case again. The issue in this case is whether or not District Court's decision denying Birgit Putz's motion for EJIA attorney's fees was an abuse of discretion. And in order to determine that, we really have to look at the Ninth Circuit's decision on the merits. That is the law of this case. The findings in that decision are the law of this case. And based on that decision, the court found that Ms. Putz's, that the ALJ's decision was based on legal error. It was not supported by substantial evidence. It had two very large errors involving discrediting and giving no weight at all to her treating Nature Path's opinion and also rejecting her testimony without giving any convincing reason at all. Now that was, the prior disposition was not an unanimous decision, right? It was not. There was a lengthy dissent by Judge Tashima. Indeed there was. And he focused on these two issues that you're talking about right now. Isn't that right? That is correct. And didn't he say that, you know, this really just boils down to a disagreement over the way in which one might interpret the evidence? That is what he said, but I disagree. What's wrong with that? Okay. What's wrong with that is the error that was committed here, it's not just a matter of weighing the evidence, but it's a question of what is the legal standard that must be followed if an ALJ is to discredit evidence. An ALJ cannot discredit a person's testimony unless they give a convincing reason to do so. The ALJ gave six reasons for discrediting her evidence, her testimony. None of the six reasons were found to be convincing. It's a fairly high legal standard that's involved here. And it's not just an issue of interpreting how much weight to give to her testimony. Her testimony is entitled to full weight unless an ALJ complies with the legal standard of stating a convincing reason not to give full weight to it. But even more important than the testimony that the ALJ gave reasons that two of our So, unless one could say that every time the ALJ errs in this way, there's always, it's inherently unreasonable, the government position at that point is inherently unreasonable, wouldn't this be exactly the case where fees would not be awarded or could not be awarded? Because you have a dissent, you have judges, two judges say this is not a good reason, one judge says yes, these are good reasons, these are sufficient reasons for disbelieving her. You've got a district judge and a magistrate judge who agreed, right? So the numbers are sort of even there. Well, typically, yes, and typically in every appeal, every case that comes before you, there's always going to be at least one other judge that has ruled otherwise in addition to the ALJ. But not always a dissent. No, there won't always be a dissent. And I guess one way of putting that is if there had been two dissents, that would have been the decision and I wouldn't be standing here today. The law of this case is what the majority ruled in this case. I'm not, and the other thing that I point out, this isn't a question of reasonable minds can differ. Of course, reasonable minds can differ. Reasonable judges can make mistakes. Reasonable judges are not always correct. And in this case. But the standard for attorney's fees is whether the government's position was unreasonable. That's not wrong, but unreasonable. So there must be some difference, there must be some cases where the government, including the ALJ and the Administrative Appeals Office were wrong, and yet they were not also unreasonable. That is correct. So there must be that universe of cases. And why doesn't this case, where it was very close on appeal, fall within that band of cases where the government's wrong but not unreasonable? The reason it does not is because there has to be, for it to be reasonable, there has to be a reasonable basis in fact and in law for the ALJ's decision.  Just read Judge Tshishima's opinion. Judge Tshishima thought there was a reasonable basis in fact and law for the ALJ's decision. And the other two judges did not agree with that. In fact, they found that it was so unreasonable, all six reasons for rejecting the testimony were incorrect. His reasons for rejecting the treating nature of Pat's opinion were completely incorrect. And they were so incorrect that then credited, this evidence clearly supported a finding of disability. The standard is substantial justification. The government has to have substantial justification for pressing the case. There was a report and recommendation done by a magistrate judge that analyzed everything and said the government wins. District Court looked at that on de novo review, said the government wins. And one of the three judges on appeal thought that there was merit to that position. Now, why wouldn't the government be substantially justified in pressing that case? I'm not disputing the legitimacy of their litigation, the general idea of them litigating on this and defending their litigation position. That's not the issue. That's not the clear error here. The clear error here involves what the ALJ did. The ALJ's decision, even though several judges said it was okay, the ALJ's decision here did not have a reasonable basis in law and fact. The law of this case is what the majority ruled in this case. And if based on that ruling, the ALJ's decision did not have a reasonable basis in law and in fact. And without that, his decision is not substantially justified. I don't understand how you would distinguish cases, though, where the government loses because, you know, there is a case once in a while you've conceded that where their position was still substantially justified. What would the circumstances be? Well, I can give you an example. One case like that would be, for example, a person is denied benefits. They submit additional evidence to the appeals counsel. The evidence sways the situation enough that a court ends up saying, well, this changes things, this should be sent back for a new hearing. Under such circumstances, the ALJ's decision would have been substantially justified, clearly substantially justified. And even the commissioner's final decision, there are, I mean, I agree, there are close calls where that would be true. This is not one. This wasn't like, well, this doesn't quite pass muster, we should send this back and let a judge look at this again. The ALJ got the credibility analysis completely wrong. Six reasons, none of them passed muster. And it got the medical evidence evaluation completely wrong. So, in my opinion, this does not, and they awarded benefits. This is not a close call as far as that goes, in the determination of whether or not there was a reasonable basis in law and fact in this case. I would like to reserve some time for rebuttal. Okay. Thank you. We'll hear from the government. Good morning. May it please the Court. Jamala Edwards, representing the commissioner. This case is about whether Judge Layton abused his judicial discretion by determining that the commissioner was substantially justified in his position. As we've discussed here, substantial justification means when there's a reasonable basis in law and fact, and where there's a genuine dispute over which reasonable parties could differ. Here we have three federal judges, magistrate judge, district court judge, and Judge Tashima, who all found that the ALJ's decision should be affirmed. They all found that this decision had a reasonable basis in law and fact. In fact, when you look at the ALJ's decision, there was a reasonable basis in law and fact, contrary to the appellant's argument. The ALJ brought forth evidence supporting why he believed that Ms. Putz was not credible, that the opinion of her naturopath should not be accepted, and to reject the lay witness statements. The evidence that he brought forward reasonably could cast doubt on whether the plaintiff was disabled. And in fact, the district court agreed with the ALJ. Judge Tashima agreed with the ALJ. Well, the two judges who apparently counted the most significant, they just did not accept the ALJ's reasons. They said they weren't supportive, flat out. Okay. Well, whether or not the commissioner's decision is right or wrong is not indicative of whether the commissioner was substantially justified in making the argument in the first place. Well, if you read the majority position, they don't just say the ALJ was wrong, but I think they're saying they're egregiously wrong, just completely got the law wrong, misapplied the standard. That's what they held, and that's now the law of the case, right? Well, Judge Tashima saw another way and said, well, this evidence could go either way, and it is not our place to question the ALJ's decision if it could be reasonably interpreted. In fact, Judge Layton said, quote, that this case was a reasonable dispute between judges who looked at the same information and reached opposite conclusions about the severity of plaintiff's disability. So this is kind of just a, he said, she said, ultimately, the ALJ was found not to have substantial evidence to support his decision. However, three judges found that he did. The case law says it's not whether the ALJ's ultimate conclusion was right or wrong. It was whether they were substantially justified in making the argument in the first place. Well, I guess the argument is not so much that there were three judges that took that, but that would have come out the other way. It's that, I guess, they offered, they pointed to reasons which one could accept. Is that right? Yes, they did. That's correct. I mean, the ALJ... The original explanation for their position. Correct. And the ALJ found that there was contradictory medical evidence, failure to seek treatment, inconsistent statements, there was, the doctor, in fact, said there's no plausible explanation for Ms. Puce's symptoms. And she also had two normal examination findings in her treatment records. And the ALJ gave germane reasons to reject the lay witness. These reasons weren't accepted by the majority, but they were reasons based in law and fact for his decision. Did the commissioner ask for a panel re-hearing on the two-to-one decision? Commissioner did not. The case here is a split decision. The majority found that the ALJ was not substantially, or did not have substantial evidence. However, that's different than being substantially justified. The ALJ had a reasonable basis in law and fact, and there was obviously a genuine dispute between the parties on this case. Okay, thank you. Thank you. You had about a minute and a half left. Did you want to take it? I'd like to point first to Judge Tashima's dissent, and it has a sentence in there which is interesting, it's at the last page of it, page 4 or 6 of the transcript. No one questions that Putz has CFS. What is at issue is the severity of her CFS. That is the nub of the case before us. That was the nub of the case before the court. How does one determine the severity of an individual's chronic fatigue syndrome? By considering the evidence. The strongest evidence in this case, the strongest medical evidence, was from a treating naturopath. There was diagnoses from doctors, but the treating naturopath was the one who had been treating her the most and who knew the most about her situation. Another way you show the severity of CFS is through a person's testimony. There was lots of testimony. An excellent way of showing that is through lay evidence. The lay evidence was improperly rejected. The testimony was improperly rejected. Dr. Data's opinion was improperly rejected. Which then gets back to, was there an abuse of discretion? There were legal standards in place for the weight that the ALJ was required to give to this evidence. The ALJ violated those legal standards. And the district court, in its analysis, did not acknowledge that the ALJ had violated these legal standards. And that is where the abuse of discretion is. Because when an ALJ violates legal standards, that is an abuse of discretion. And clearly, under the law of this case, that is what the majority found. Okay, thank you. Thank you. In case, you will stand submitted.
judges: Burns, Kozinski, Paez